IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:20-cr-0003(2) |
| Plaintiff, | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : |
| | : |
| BILLY RAY LEWIS, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the Court on Defendant Billy Ray Lewis's Motion for Reconsideration of this Court's Order denying his prior motion for revocation of the Magistrate Judge's detention order. (ECF No. 42). For the following reasons, Lewis's Motion is **DENIED**.

### I. BACKGROUND

On February 20, 2020, Defendant Billy Ray Lewis pled guilty to two counts of narcotics conspiracy and distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (Count 1) and 21 U.S.C. § 841 (Count 2). He has since been incarcerated at the Corrections Center of Northwest Ohio ("CCNO"). On April 15, 2020, Lewis filed a Motion to Revoke Magistrate's Detention Order, asking to be released on home confinement due to concerns about the COVID-19 pandemic. (ECF No. 36). On April 27, 2020, this Court denied his motion, finding he failed to overcome his presumed flight risk given his history of failing to appear in court and had not demonstrated a significant individualized health risk to justify his release in light of his prior criminal history and pattern of failing to appear. (ECF No. 39). Lewis filed this Motion for Reconsideration on May 4, 2020. (ECF No. 42). The Government filed its Response in Opposition on May 11, 2020. (ECF No. 43).

1

## II. LAW & ANALYSIS

Lewis moves this Court to reconsider its order denying his motion for revocation of the Magistrate Judge's detention order. The Sixth Circuit has applied the Federal Rule of Civil Procedure 59(e) standard for motions to alter or amend to motions for reconsideration in criminal cases. *See United States v. Correa-Gomez*, 328 F.3d 297, 298 (6th Cir. 2003). Rule 59(e) permits parties to move to alter or amend judgments no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Lewis's motion is timely, so the Court will assess its substance. Motions for reconsideration "are generally only warranted where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Pegg v. Davis*, No. 2:09-CV-908, 2009 WL 5194436, at *1 (S.D. Ohio Dec. 22, 2009).

Lewis does not allege any intervening change in controlling law. (ECF No. 42). The only new fact presented in Defendant's motion is that there are now confirmed cases of COVID-19 in the CCNO facility where he is incarcerated. (ECF No. 42 at 2). He provides additional arguments about his health conditions that he alleges put him at risk and argues that his failures to appear in court were over a decade ago and that he is no longer a flight risk. (*Id.* at 2-3). However, these arguments do not amount to clear error or manifest injustice to warrant reconsideration of this Court's original ruling. This Court agrees with the Government that "there is no individualized evidence of any further change in circumstances warranting reconsideration of this Court's original order." (ECF No. 43).

For these reasons, Defendant Lewis's Motion for Reconsideration is **DENIED**. (ECF No. 42).

**IT IS SO ORDERED.**

                                             /s/ Algenon L. Marbley
                                             **ALGENON L. MARBLEY**
                                             **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 14, 2020**